Janet TORRES–ROSALES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71671.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Greg D. Mack, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM [**]

Janet Torres–Rosales, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

■ Petitioner fails to raise claims regarding the denial of asylum, withholding of removal, and CAT relief in her opening brief, and therefore waives those claims. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Petitioner contends that the BIA abused its discretion by summarily affirming the IJ's decision and not addressing her motion to remand based on *Matter of R–A–*, 22 I. & N. Dec. 906 (A.G.2001, BIA 1999), and the publication of new asylum regulations. Petitioner is correct that the BIA did not address her motion, which was contained in her BIA brief. Because the BIA abuses its discretion if it fails to "indicate with specificity that it heard and considered petitioner's claims," we remand to the BIA to consider petitioner's motion to remand. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir.2004).

Petitioner's contention regarding *Castillo–Villagra v. INS*, 972 F.2d 1017 (9th Cir.1992) is misplaced because here the BIA did not take administrative notice of any fact.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**PETITION FOR REVIEW GRANTED; REMANDED.**

Judge Rymer dissents.