Eloisa Gonzalez CARRERA, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–73773, 04–75764.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Allen W. Hausman, Attorney, San Francisco, CA, Blair T. O'Connor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Eloisa Gonzalez Carrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying her motion to reopen due to ineffective assistance of counsel and dismissing her appeal from an immigration judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review due process claims de novo. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We grant the petition for review in No. 04–75764 and deny the petition for review in No. 04–73773.

The government contends that Carrera does not have a due process right to effective assistance of counsel in removal proceedings and, in any case, cannot demonstrate prejudice because the underlying relief sought is discretionary. Under Ninth Circuit case law, aliens have a due process right to effective assistance of counsel derived from the Fifth Amendment. *See Rodriguez–Lariz*, 282 F.3d at 1226; *see also Castillo–Perez v. INS*, 212 F.3d 518, 526–27 (9th Cir.2000) (finding prejudice resulting from ineffective assistance of counsel in context of an application for discretionary relief).

Carrera was denied her right to effective assistance of counsel when her former counsel failed to file a visa petition and adjustment of status application on her behalf. *See Rodriguez–Lariz*, 282 F.3d at 1226. Further, she established prejudice by showing that the ineffective assistance

of counsel may have affected the outcome of her proceedings. *See Maravilla v. Ashcroft*, 381 F.3d 855, 858–59 (9th Cir.2004) (citations omitted) (holding that the BIA errs when it applies the prima facie standard to a motion to reopen based on ineffective assistance of counsel, where an alien need show only that counsel's performance *may have* affected the outcome of proceedings). Accordingly, the BIA erred in denying her motion to reopen.

Carrera has waived review of the BIA's July 1, 2004 order summarily affirming the IJ's order of removal, by failing to raise any arguments in her opening brief challenging that decision. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

In No. 04–75764, PETITION FOR REVIEW GRANTED;

**REMANDED.**

In No. 04–73773, **PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

