MEMORANDUM **
Jose Socorro Valadez-Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision denying his motion to reopen proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252.
At his hearing, the petitioner failed to submit the required documentation, and the Immigration Judge (“IJ”) denied his request for cancellation of removal. The petitioner then filed a motion to reopen proceedings with the IJ, who treated petitioner’s motion as alleging ineffective assistance of counsel and concluded that the petitioner had failed to satisfy Matter of hozada, 19 I. & N. Dec. 637 (BIA 1988). Upon review, the BIA concluded that petitioner neither satisfied hozada nor established prejudice resulting from any ineffective assistance.
In his appeal to this court, the petitioner argues (1) that his prior attorney provided ineffective assistance, which prejudiced his case, and (2) that the IJ violated his due process rights by faffing to continue his case. We find that the BIA did not err in denying the petitioner’s motion to reopen.
“The denial of a motion to reopen is reviewed for abuse of discretion.” Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996). We “will only overturn the BIA’s ruling if it acted arbitrarily, irrationally, or contrary to law.” Dobrota v. INS, 311 F.3d 1206, 1211 (9th Cir.2002) (internal quotation marks omitted). “Claims of due process violations in deportation proceedings are reviewed de novo.” Castillo-Perez v. INS, 212 F.3d 518, 523 (9th Cir.2000).
A petitioner must generally satisfy the hozada procedural requirements as a prerequisite to asserting an ineffective assistance of counsel claim. Castillo-Perez, 212 F.3d at 525. hozada requires that a petitioner provide: (1) an affidavit describing the agreement with prior counsel; (2) evidence that prior counsel has been informed of the allegations and given an opportunity to respond; and (3) evidence that a complaint has been filed with appropriate disciplinary authorities against prior counsel or an explanation for not filing a complaint, Lozada, 19 I. & N. Dec. at 639. The petitioner failed to file a complaint with the bar or provide his prior counsel with a chance to respond to his allegations. However, a petitioner may be excused from complying with hozada when “[t]he face of the record shows a clear and obvious case of ineffective assistance of counsel.” Castillo-Perez, 212 F.3d at 526.
In this case it is unnecessary to determine whether the record shows a clear and obvious case of ineffective assistance of counsel because the petitioner failed to present any argument explaining how prior counsel’s alleged ineffectiveness prejudiced him. See Maravilla Maravilla v. Ashcroft, 381 F.3d 855, 858 (9th Cir. 2004) (stating that a petitioner demonstrates prejudice by establishing that “counsel’s performance was so inadequate that it may have affected the outcome of the proceedings” (internal quotation marks omitted)). To support his prejudice claim, *172 the petitioner merely cited the bare text of the cancellation of removal statute, 8 U.S.C. § 1229b(b). The BIA, therefore, did not err by denying the petitioner’s motion to reopen because of ineffective assistance of counsel.
The petitioner also argues that the IJ violated his due process rights by failing to continue his hearing sua sponte after granting his attorney’s motion to withdraw. Because the petitioner never presented this second due process claim to the BIA, he failed to exhaust it, thus depriving this court of jurisdiction to consider the claim. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004); see also Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (“Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.”).
Moreover, as discussed above, the petitioner failed to explain how this alleged due process violation prejudiced him. See Halaim v. INS, 358 F.3d 1128, 1136 (9th Cir.2004) (“Due process challenges to deportation proceedings require a showing of prejudice to succeed.” (internal quotation marks omitted)).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.