Sabino SILVA–VENTURA, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–77030.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.[*]

Filed Feb. 23, 2007.

Marina Pineda–Kamariotis, Esq., Law Office of Marina Pineda–Kamariotis, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Stacy S. Paddack, Jennifer Paisner, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM [**]

Sabino Silva–Ventura, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We review for abuse of discretion the denial of a motion to reopen, *see Singh v. INS,* 295 F.3d 1037, 1039 (9th

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2002), and review de novo claims of constitutional violations in immigration proceedings, *see Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion by denying the motion to reopen, because the BIA considered the evidence Silva–Ventura submitted and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh,* 295 F.3d at 1039 (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."). Silva–Ventura's contention that the BIA abused its discretion by not addressing in its decision all the evidence presented is unavailing. *See Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004). Accordingly, Silva–Ventura's contention that the BIA's denial of his motion to reopen violated due process fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, a petitioner must show error).

Silva–Ventura's request for attorney's fees is denied.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.