Adan Tony **SELLAN–MAZZINI**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Adan Tony Sellan–Mazzini, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 05–73033, 05–77274.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2007.*

Filed April 23, 2007.

Anibal Sanchez, Esq., Asherson, Klein & Darbinian, Beverly Hills, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Aviva L. Poczter, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, FERNANDEZ, and SILER **, Circuit Judges.

MEMORANDUM ***

Tony Adan Sellan–Mazzini, a native and

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

citizen of Ecuador, timely petitions for review of the Board of Immigration Appeals's ("BIA") April 21, 2005 order dismissing his appeal of an Immigration Judge's ("IJ") final order of removal. Sellan–Mazzini also petitions for review of the BIA's November 21, 2005 order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252.

We grant Sellan–Mazzini's petition for review in No. 05–73033, vacate the BIA's April 21, 2005 order dismissing his appeal on the merits, and remand to the BIA for reconsideration of its determination that Sellan–Mazzini's 2001 conviction was for a particularly serious crime. We reject Sellan–Mazzini's other challenges to the April 21, 2005 order. Finally, we deny Sellan–Mazzini's petition for review in No. 05–77274, which seeks review of the BIA's November 21, 2005 order denying his motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to consider Sellan–Mazzini's argument that the IJ applied the wrong legal standard when concluding that Sellan–Mazzini's 2001 California conviction for second-degree robbery with a deadly or dangerous weapon was for a particularly serious crime. See Afridi v. Gonzales, 442 F.3d 1212, 1218 (9th Cir.2006). As the BIA's April 21, 2005 order appears to adopt the IJ's rationale, we review the IJ's reasoning. See Molina–Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002).

The IJ misapplied the law when it concluded that Sellan–Mazzini's 2001 conviction was for a particularly serious crime. Although required to do so, the IJ did not engage in a case-specific inquiry into the specific facts underlying Sellan–Mazzini's conviction. See Afridi, 442 F.3d at 1220; see also In re Frentescu, 18 I. & N. Dec. 244, 247 (BIA 1982), superseded in part by statute, Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208 div. C sec. 305(a)(3), § 241(b)(3)(B), 110 Stat. 3009, 3009–602 (1996). We therefore grant Sellan–Mazzini's petition for review and remand for the BIA to apply the Frentescu case-specific inquiry to determine whether Sellan–Mazzini's 2001 robbery conviction was for a particularly serious crime.

We reject Sellan–Mazzini's claim that the BIA erred in denying him relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's determination that the conditions to which Sellan–Mazzini would likely be subjected do not constitute torture. See 8 U.S.C. § 1252(a)(2)(D); Ramadan v. Gonzales, 479 F.3d 646, 654 (9th Cir.2007). Substantial evidence, however, supports the BIA's determination that he is ineligible for CAT relief. See INS v. Elias–Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Finally, we reject Sellan–Mazzini's various due process claims. Sellan–Mazzini has not shown prejudice from any mistakes made by his counsel at the removal hearing. See Maravilla Maravilla v. Ashcroft, 381 F.3d 855, 857–58 (9th Cir.2004) (per curiam). Sellan–Mazzini also failed to show that the BIA denied him a reasonable opportunity to present his case. Cf. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000).

**PETITION FOR REVIEW IN NO. 05–73033 GRANTED, BIA ORDER VACATED AND REMANDED. PETITION FOR REVIEW IN NO. 05–77274 DENIED.**