**Juan Carlos GOMEZ–GONZALES; Norma Juliana Contreras–Anaya, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74616.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 13, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

768

Pasquale Lombardo, Glendale, CA, for Petitioners.

Office of the District Counsel, Department of Homeland Security, William Carter, Esq., Office of the U.S. Attorney, Los Angeles, CA, Ronald E. LeFevre, Chief, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Juan Carlos Gomez–Gonzales and his wife Norma Juliana Contreras–Anaya, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings based on ineffective assistance of counsel, and the BIA's reissued order dismissing their appeal from the Immigration Judge's ("IJ") order denying cancellation of removal. Petitioners have lived in the United States for 20 years and have no criminal record, and the only charge in the Notice to Appear is that they are aliens present in the United States without inspection. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, and review claims of due process violations due to ineffective assistance of counsel de novo. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part, dismiss in part, and grant in part the petition for review.

■ To the extent Petitioners contend the BIA violated due process by failing to consider some or all of the new evidence they submitted with the motion to reopen, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). Petitioners also contend in their motion to reopen that the IJ offended due process by conducting their hearing in an overly prosecutorial and biased manner. Contrary to their contention, the conduct of the IJ did not prevent Petitioners from reasonably presenting their case. *See Almaghzar v. Gonzales,* 457 F.3d 915, 922 (9th Cir.2006); 8 U.S.C. § 1229a(b)(1) (IJ has a statutory obligation to "interrogate, examine, and cross-examine the alien and

any witnesses"). We therefore deny the petition for review as it relates to the new evidence and due process claims.

■ We lack jurisdiction to review the BIA's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We therefore dismiss the petition as to this claim.

■ The BIA applied an incorrect standard in requiring Petitioners to demonstrate that, but for their former counsel's actions or omissions, Petitioners' applications for cancellation of removal would have been granted. In order to demonstrate prejudice, Petitioners need show only that counsel's ineffective performance may have affected the outcome of the proceedings. *See Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858–59 (9th Cir. 2004) (per curiam) (petitioner requesting reopening based on ineffective assistance of counsel is not required to demonstrate that he would win or lose on any claims).

■ The record demonstrates that Petitioners' counsel was unprepared at the hearing before the IJ and, as a result, Gomez–Gonzales' ability to provide a succinct, accurate account of his physical presence was compromised. *See Iturribarria v. INS,* 321 F.3d 889, 900 (9th Cir.2003) (petitioners must demonstrate that counsel's performance was so inadequate that it may have affected the outcome of the proceedings.) Similarly, counsel's unfamiliarity with the facts of Contreras–Anaya's hardship claim negatively affected her ability effectively to adduce testimony before the IJ, who stated in his oral decision that his adverse hardship finding was a "very close question."

Because counsel failed to perform with sufficient competence, and because this ineffective performance may have affected the outcome of the proceedings, we grant the petition for review as it relates to the ineffective assistance of counsel claim. We remand with instructions that proceedings be reopened, and Petitioners be given a new hearing on the merits of their applications for cancellation of removal.

In light of our remand, we do not reach Petitioners' contentions regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**