Maria De Los Angeles **ROLDAN**, a.k.a.
Maria De Los Angeles Roldan–
Ocampo, Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

Nos. 05–77143, 06–73166.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

James Robert Patterson, Esq., Law Office of Lilia S. Velasquez, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Emily A. Radford, Esq., Luis E. Perez, Esq., Aviva L. Poczter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Maria De Los Angeles Roldan, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision denying her application for cancellation of removal and the BIA's order denying her motion to reopen proceedings due to ineffective assistance of counsel. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir. 2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We dismiss the petition for review in No. 05–77143 and deny the petition for review in No. 06–73166.

We lack jurisdiction to review the agency's determination that Roldan failed to demonstrate that her removal would result in exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003). We also lack jurisdiction to consider Roldan's unexhausted claim that the IJ failed to advise Roldan of the importance of claiming hardship to her parents. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987) (petitioner must first exhaust a claim by raising it before the BIA).

The BIA did not abuse its discretion in concluding that competent counsel would

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have acted differently than Roldan's former counsel, and that counsel's actions did not ultimately prejudice Roldan's claim for cancellation of removal. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858–59 (9th Cir.2004) (per curiam) (holding that the BIA should consider if competent counsel would have acted otherwise, and, if so, to consider whether petitioners were thereby prejudiced).

**PETITIONS FOR REVIEW DISMISSED (No. 05–77143) and DENIED (No. 06–73166).**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.