Gilberto Ruiz CERVANTES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71330.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 20, 2007.

Jessica Dominguez, Esq., Law Office of Jessica Dominguez, Roxana V. Muro, Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Gilberto Ruiz Cervantes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand due to ineffective assistance of counsel, and the BIA's order denying reconsid-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

eration. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of motions to remand and reconsider for abuse of discretion. *See Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005); *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). We review questions of law, including claims of due process violations due to ineffective assistance, de novo. *See Mohammed,* 400 F.3d at 791–92. We deny the petition for review.

The BIA did not abuse its discretion in denying Ruiz Cervantes' motion to reconsider. Although the BIA failed to apply the proper prejudice standard in its order denying Ruiz Cervantes' request for remand, we agree with the BIA's conclusion upon reconsideration, using the correct standard, that the performance by former counsel did not result in prejudice to Ruiz Cervantes. *See Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (per curiam) (petitioner need only demonstrate that counsel's deficient performance may have affected the outcome of the proceedings, and need not demonstrate prima facie eligibility for underlying relief); *Mohammed,* 400 F.3d at 793 (petitioner must demonstrate prejudice to prevail on a claim of ineffective assistance of counsel).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.