**Jorge Luis GODINEZ; Margarita A. Godinez, Petitioners,**

v.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provid-

Peter D. KEISLER,* Acting Attorney
General, Respondent.

Nos. 06–71526, 06–73774.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Helen B. Zebel, Esq., Law Office of
Helen B. Zebel, San Francisco, CA, for
Petitioners.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, San Francisco, CA,
Terri Leon–Benner Fax, DOJ–U.S. De-
partment of Justice Civil Div./Office of Im-
migration Lit., Washington, DC, for Re-
spondent.

Before: CANBY, TASHIMA, and
RAWLINSON, Circuit Judges.

MEMORANDUM ***

In these consolidated petitions, Jorge
Luis Godinez and Margarita A. Godinez,
natives and citizens of Mexico, seek review
of the Board of Immigration Appeals'
("BIA") order affirming the Immigration
Judge's ("IJ") decision denying their appli-
cations for cancellation of removal, and the
BIA's order denying their motion to re-
open proceedings due to ineffective assis-
tance of counsel. To the extent we have
jurisdiction, it is conferred by 8 U.S.C.
§ 1252. We review for abuse of discretion

the denial of a motion to reopen. *See*
*Maravilla Maravilla v. Ashcroft*, 381 F.3d
855, 857 (9th Cir.2004) (per curiam). We
dismiss the petition for review in No. 06–
71526, and grant the petition for review in
No. 06–73774.

We lack jurisdiction to review the dis-
cretionary determination that an applicant
has failed to show exceptional and ex-
tremely unusual hardship to a qualifying
relative. *See Romero–Torres v. Ashcroft*,
327 F.3d 887, 892 (9th Cir.2003). We do
not consider the petitioners' contentions
regarding continuous physical presence be-
cause the hardship determination is dis-
positive. *See* 8 U.S.C. § 1229b(b)(1) (to be
eligible for cancellation of removal the ap-
plicant must establish continuous physical
presence, good moral character and hard-
ship).

The BIA abused its discretion in deny-
ing the motion to reopen, because petition-
ers included evidence of their substantial
compliance with the requirements of *Mat-
ter of Lozada*, 19 I. & N. Dec. 637 (BIA
1988). First, petitioners provided a de-
tailed affidavit, a payment receipt, and an
attorney-client fee agreement to substanti-
ate their representation by prior counsel.
Second, they submitted a copy of a com-
plaint filed with the California state bar
association. Third, they submitted a copy
of certified mail receipts indicating that
their counsel received a copy of the state
bar complaint. *See Castillo–Perez v. INS*,
212 F.3d 518, 525 (9th Cir.2000) (discuss-
ing *Lozada* requirements); *compare Reyes
v. Ashcroft*, 358 F.3d 592, 598 (9th Cir.
2004) (undated letter to prior counsel in-

ed by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predeces-
sor, Alberto R. Gonzales, as Acting Attorney
General of the United States, pursuant to Fed.
R.App. P. 43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

sufficient to meet notice and opportunity to respond requirements).

The BIA also abused its discretion by applying the wrong standard to determine whether the performance of prior counsel resulted in prejudice. The BIA required petitioners to demonstrate eligibility for cancellation of removal, when they need only demonstrate that the deficient performance by counsel may have affected the outcome of proceedings. *See Maravilla Maravilla*, 381 F.3d at 858–59 (BIA abused its discretion when it determined that counsel's performance did not result in prejudice by directly adjudging whether the petitioners would win or lose their claim).

Accordingly, we remand for the BIA to determine, under the correct standard, whether petitioners were prejudiced by prior counsel's conduct.

**PETITION FOR REVIEW in 06–71526 DISMISSED.**

**PETITION FOR REVIEW in 06–73774 GRANTED; REMANDED.**

RAWLINSON, Circuit Judge, dissents.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.