**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YEVGENIY ALEKSANDROVICH BELYKH, | No. 06-70378, No. 07-73002 |
| Petitioner, | Agency No. A095-446-994 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals
Submitted May 5, 2010[**]
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

   Yevgeniy Aleksandrovich Belykh ("Belykh"), a native and citizen of the

Russian Federation, petitions for review of the denial of his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  Belykh, a gay man, asserted past persecution and a fear of future

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

persecution on account of his sexual orientation. The Immigration Judge ("IJ") denied relief on the basis of an adverse credibility determination, and the Board of Immigration Appeals ("BIA") affirmed. The BIA used its summary affirmance procedure, so we review the IJ's decision. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We review the adverse credibility determination for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and apply pre-REAL ID Act standards, because Belykh's asylum application was filed prior to the Act's effective date, *see Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). Belykh also petitions for review of the BIA's denial of his motion to reopen, which we review for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny both petitions.

Substantial evidence supports the IJ's adverse credibility determination. We will uphold an adverse credibility finding as long as the agency provides at least one "specific, cogent reason" that "go[es] to the heart of [the] asylum claim." *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (quotation marks omitted, second alteration in original). First, the record supports the IJ's determination that Belykh's testimony as to the date of his first medical examination for military service was so inconsistent that it undermined the claim that Belykh ever underwent any examinations. When and whether Belykh underwent examinations

2

is crucial to the claim that the first examination created a permanent record of Belykh's homosexuality, causing future discrimination. Second, the record supports the IJ's decision to discredit Belykh's testimony that he was subjected to a month-long, involuntary psychiatric hospitalization, an event omitted from the asylum application. When asked to explain, Belykh answered, "I forgot about it." Involuntary psychiatric hospitalization is a crucial element of Belykh's claim that he suffered past persecution. The omission of this major event, combined with the unconvincing explanation, is substantial evidence supporting the IJ's decision to discredit Belykh's testimony. *See Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010).

In the absence of credible testimony, Belykh's claims for asylum and withholding fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Belykh's CAT claim is based on the same evidence the IJ found not credible, and no other evidence in the record compels a finding that it is more likely than not Belykh would be tortured if returned to Russia, the CAT claim also fails. *See id.* at 1157.

The BIA did not abuse its discretion when it denied Belykh's motion to reopen. To prevail on a motion to reopen based on changed circumstances, an applicant must provide new and material evidence that, when considered with the

3

evidence from the original hearing, would establish a prima facie case for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Due process requires that the BIA consider all relevant evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).

First, Belykh has not overcome the presumption that the BIA reviewed the evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). In denying the motion to reopen, the BIA noted that it reviewed "the documentation presented by both the respondent and the DHS," and it discussed Belykh's evidence. The BIA "indicate[d] with specificity that it heard and considered petitioner's claims." *Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004).

Second, the BIA did not abuse its discretion in finding that Belykh failed to demonstrate changed circumstances that would warrant reopening. As the BIA noted, the new evidence regarding the cancellation of the first gay pride parade and proposed legislation to recriminalize homosexuality, which was similar to a failed bill that had been introduced in 2002, does not demonstrate that conditions had worsened for gay and lesbian individuals in Russia such that Belykh met his "heavy burden of proving that . . . the new evidence would likely change the result

4

in the case." *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quotation marks omitted).

The Government's motion to strike in No. 06-70378 is denied as moot.

**THE PETITIONS FOR REVIEW ARE DENIED.**