Javier **MARAVILLA MARAVILLA;** Claudia Lopez Sanchez, Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–70467.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Filed Aug. 19, 2004.

Robert B. Jobe, San Francisco, CA, for the petitioners.

Michelle R. Thresher and Thomas K. Ragland, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

PER CURIAM:

Javier Maravilla Maravilla ("Maravilla") and his wife, Claudia Lopez Sanchez ("Lopez"), natives and citizens of Mexico, petition for review of a decision of the Board of Immigration Appeals ("BIA") denying their motion to reopen their applications for cancellation of removal, which was based on an ineffective assistance of counsel claim. This court has jurisdiction under 8 U.S.C. § 1252(b)(2). We grant the petition and remand for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

Petitioners are husband and wife, who were charged with being present in the

United States without having been admitted or paroled. They hired attorney Miguel Gadda to represent them, admitted the charges, and applied for cancellation of removal. At their first hearing, however, Gadda failed to appear. The Immigration Judge ("IJ") expressed frustration with Gadda's performance—or rather, his lack thereof—and, along with counsel for the INS, advised petitioners as to what evidence they could present at the re-scheduled hearing.

Although Gadda did appear at the second hearing, petitioners' application for cancellation of removal was denied. The IJ stated that Lopez had failed to provide evidence of her ten–year continuous physical presence, and that, in any case, petitioners' removal would not visit exceptional and extremely unusual hardship on their children or on Maravilla's father, the only qualifying relatives.

Still represented by Gadda, petitioners appealed to the BIA. While the appeal was pending, however, Gadda was disbarred from the practice of law before the Board.[1] After the BIA summarily affirmed the IJ's opinion, petitioners hired new counsel and timely moved to reopen on grounds of ineffective assistance of counsel. They claimed that Gadda had failed to explain to them the evidentiary requirements of a successful application for cancellation of removal, and had failed adequately to prepare for and argue their case. Crucially, they argued, Gadda overlooked the fact that, after the IJ decision, Maravilla's mother became a lawful permanent resident. As she was now a qualifying relative whose hardship counted towards petitioners' application on appeal, Gadda should have supplemented the appellate brief with this new information. Further, Gadda

never asked petitioners whether they would take their children with them if deported. Petitioners accompanied their motion to reopen with new evidence of Lopez's continuous presence, with declarations stating that they would leave their children behind, and with affidavits from Maravilla's parents on the hardship they would suffer if petitioners were deported.

The BIA denied the motion, concluding that petitioners failed to show that their case outcome "would have been different but for the alleged ineffectiveness" of counsel. The BIA held the new evidence of continuous presence and of the grandmother's hardship barred, as that evidence was available and "could have, and should have" been presented previously. Further, the BIA deemed the evidence of the hardship of the children and of Maravilla's father to support a motion to reconsider, rather than a motion to reopen. As such, the motion was untimely, and in any case it failed to show exceptional and extremely unusual hardship.

 We review a BIA ruling on a motion to reopen for an abuse of discretion, and will reverse the denial of a motion to reopen only if the Board acted "arbitrarily, irrationally, or contrary to law." *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000) (quotation marks and citation omitted). BIA factual findings are reviewed for substantial evidence. *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090 (9th Cir.2000). Questions of law are reviewed de novo. *Id.*

## II. ANALYSIS

 Ineffective assistance of counsel in a removal proceeding amounts to a violation of due process under the Fifth

---

1. Miguel Gadda has since been disbarred by this Court and by California. *See Gadda v.*

*Ashcroft,* 377 F.3d 934, 939 (9th Cir.2004).

Amendment if "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985). Such a claim requires two showings. Petitioners first must demonstrate "that counsel [failed to] perform with sufficient competence." *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir.2004). Second, they must show that they were prejudiced by their counsel's performance. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003).

■ So far afield of the proper two-pronged analysis is the Board's opinion, however, that it is unclear whether it actually treated petitioners' motion as an ineffective assistance of counsel claim. At times the Board casts the claim instead as a motion to reconsider, writing: "In essence, the respondents seek reconsideration of [the] hardship issue to their children and the male respondent's father." That characterization misdescribes an ineffective assistance of counsel claim, which is, rather, a due process challenge. We have held that an ineffective assistance of counsel claim that relies on "new evidence that was purportedly not discoverable at an earlier stage" is properly treated as a motion to reopen rather than a motion to reconsider. *See id.* at 897.

At other times, the BIA casts the claim as a motion to reopen on the merits rather than on grounds of ineffective assistance of counsel. For example, the Board deems evidence regarding Lopez's continuous presence and hardship to the grandmother precluded as it "could have, and should have, been presented at their hearing." By presuming that petitioners should have presented the evidence, the opinion short-circuits the central questions: whether their counsel was unconstitutionally ineffective in failing to present the evidence and, if so, whether petitioners were preju-

diced by their counsel's performance. Not until the last sentence of its opinion does the BIA even bring up the concept of "ineffectiveness of former counsel."

■ The BIA should have *begun* its analysis by asking if competent counsel would have acted otherwise. The opinion never weighs the evidence of counsel's performance so as to reach a finding on his competence, the first required showing. Of course, it is conceivable that the BIA viewed the prejudice question as dispositive, and thus reasoned that it need not resolve the question of counsel's competence. We can only speculate, for the opinion is silent on this issue. This court has held that the BIA must "indicate with specificity that it heard and considered petitioner's claims." *Arrozal v. INS*, 159 F.3d 429, 433 (9th Cir.1998). Because it neither reached this first aspect of petitioners' claim, nor explained the omission, the BIA abused its discretion.

■ The second question in an ineffective assistance of counsel claim is whether the client was prejudiced. While the BIA did reach this question, it did so under the wrong standard. Petitioners must demonstrate that counsel's performance was so inadequate that it "may have affected the outcome of the proceedings." *Iturribarria*, 321 F.3d at 900 (quotation marks and citation omitted). They need not show that they "would win or lose on any claims." *Lin*, 377 F.3d 1014, 1027. Regarding petitioners' evidence of the grandmother's hardship, however, the BIA concluded that it did not amount to a showing of "prima facie eligibility for the relief sought." While the prima facie standard is proper for a regular motion to reopen, *see Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003), it is higher than the standard required here. In the opinion's final sentence, the BIA raised the bar still further, denying the motion because petitioners

failed to show "the outcome would have been different but for the alleged ineffectiveness" of counsel. In other words, the BIA directly adjudged the question of whether petitioners would win or lose their claim. The BIA thus abused its discretion by weighing the new prejudice evidence under standards more stringent than were proper: It should have asked only whether Gadda's deficient performance may have affected the proceedings.

Accordingly, we grant the petition for review, and remand for the BIA to consider whether competent counsel would have acted otherwise, and, if so, to consider under the correct standard whether petitioners were thereby prejudiced.

**PETITION FOR REVIEW GRANTED; REMANDED.**