**Yuri PASONOK; Svetlana Pasonok; Anna Pasonok, Petitioners,**

**v.**

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73181.

Agency Nos. A73–423–058, A73–423–059, A73–423–060.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 8, 2005.

Decided June 17, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

 

must uphold that decision if it is supported by reasonable, substantial and probative evidence on the record considered as a whole. *Mansour v. Ashcroft*, 390 F.3d 667, 671 (9th Cir.2004); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because the Immigration Judge made no adverse credibility finding, we take as true the Pasonoks' testimony that they suffered, and may expect to suffer in the future, from discrimination in housing, education, and employment as ethnic Russians in Estonia. *See Mansour*, 390 F.3d at 672.

Elena E. Tsiprin, Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, U.S. Department of Justice Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., William C. Peachey, Elizabeth J. Stevens, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, THOMPSON, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Yuri, Svetlana, and Anna Pasonok ("the Pasonoks") seek review of the Board of Immigration Appeals's ("BIA's") affirmance, without opinion, of the Immigration Judge's decision finding them ineligible for asylum and withholding of removal. We grant the petition in part, deny it in part, and remand to the BIA for further proceedings.

## I. Eligibility for Asylum and Withholding of Removal

Because the BIA affirmed without opinion, we review the Immigration Judge's decision as the final agency action, and we

■ The evidence in the record does not compel the conclusion that this discrimination rose to the level of persecution, nor does it show that the Pasonoks have an objectively well-founded fear of future persecution on economic or educational grounds. *See, e.g., Mansour*, 390 F.3d at 670, 673; *Gormley v. Ashcroft*, 364 F.3d 1172, 1177–80 (9th Cir.2004); *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). Moreover, the evidence does not show that criminals targeted Yuri Pasonok because he was Russian, nor does the failure by law enforcement to solve the crime demonstrate that the attack was committed by a group that the Estonian government is unable or unwilling to control. *See Gormley*, 364 F.3d at 1177. Although the discrimination suffered by Russians in Estonia is troubling, and the Estonian government's role in perpetuating some of that discrimination is unclear, substantial evidence in the record here supports the Immigration Judge's decision finding the Pasonoks ineligible for asylum and withholding of removal. Accordingly, we must deny the Pasonoks' petition on this ground.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II. Ineffective Assistance of Counsel

In their pro se notice of appeal and brief before the BIA, the Pasonoks claimed that their attorney was unprepared during the merits hearing before the Immigration Judge and that he failed to introduce evidence supporting their asylum claim. The BIA, affirming without an opinion, did not address this claim.

■ Normally, the BIA must explain such decisions. Ineffective assistance of counsel claims often are brought by way of motions to reopen. In those cases, the BIA abuses its discretion when it fails to "indicate with specificity that it heard and considered petitioner's claims." *See, e.g., Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004) (finding abuse of discretion where BIA failed to address counsel's performance entirely and applied wrong standard in evaluating prejudice, leaving the reviewing court to speculate as to whether the BIA perceived the prejudice issue as dispositive). Here, the BIA's affirmance without opinion similarly leaves this court to speculate whether the agency found the Pasonoks' ineffective assistance claim foreclosed by existing precedent, not factually novel, or merely so insubstantial as not to warrant a written opinion. *See* 8 C.F.R. § 1003.1(e)(4)(i)(A), (B). It is equally plausible, however, that the BIA entirely failed to address the claim. We simply have no way of knowing.

We may review the BIA's decision to affirm without opinion so long as we also have jurisdiction to review the merits of the Immigration Judge's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003). The BIA's decision to affirm without opinion here clearly inhibits the judicial review process established by the Immigration and Nationality Act. Streamlining is consistent with judicial review primarily because the decision of the Immigration Judge serves as the final, re-viewable agency action. *See id.; see also* 8 C.F.R. § 1003.1(e)(4)(ii). Here, however, neither the Immigration Judge nor the BIA explicitly addressed the ineffective assistance claim, leaving no reasoned agency decision for review. We could plausibly infer one rationale or another from the streamlining criteria (*i.e.,* find that the new issue is foreclosed by existing precedent, not factually novel, or insubstantial), but we would have to ignore the very real possibility that the agency entirely failed to address the claim, which would be a clear abuse of discretion in the context of a motion to reopen. We see no reason to treat these substantially identical contexts differently, especially where doing so deprives us of the reasoned agency decision essential to judicial review.

Accordingly, we grant the Pasonoks' petition on this ground and remand for the BIA to address their ineffective assistance of counsel claim in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Furthermore, to ensure that the BIA has the "essential information" necessary to "evaluate the substance" of the claim, the Pasonoks on remand should file additional briefing and affidavits consistent with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988).

## III. Designated Country of Removal

In their briefs, the Pasonoks express concern that they may be removed to Azerbaijan rather than to Estonia. This error was corrected at the merits hearing, and the Immigration Judge's final decision properly designates Estonia as the country of removal.

■ Oddly, however, the Immigration Judge also ordered that if the Pasonoks failed to depart voluntarily, they would be removed to *India.* Neither party ever

mentioned India as a possible country of removal, and nothing in the record remotely suggests that such a designation would be proper under any possible statutory ground. *See* 8 U.S.C. § 1231(b)(2). Because no evidence supports this designation, we grant the petition on this additional ground and remand so that, should it become appropriate to do so, the BIA may properly designate Estonia as the country of removal should the Pasonoks fail to comply with any future voluntary departure order. *See Himri v. Ashcroft*, 378 F.3d 932, 938–40 (9th Cir.2004).

For the foregoing reasons, the Pasonoks' petition is GRANTED in part, DENIED in part, and REMANDED to the BIA for further proceedings consistent with this memorandum.