Yolanda Hernandez **MORENO;** et al., Petitioners,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

Yolanda Hernandez Moreno; et al., Petitioners,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–72377, 06–72617.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2007.

Filed Jan. 22, 2007.

648

Allen Erenbaum, Los Angeles, CA, for Petitioners.

CAC—District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Washington, DC, for Respondents.

Before: KLEINFELD, FISHER and SMITH, Circuit Judges.

## MEMORANDUM *

Yolanda Hernandez Moreno and her daughter Edith are nationals of Mexico who have conceded removability and seek cancellation of removal due to hardship to a qualifying relative, Hernandez Moreno's U.S. citizen child, Bryan Romero. This petition for review involves the Board of Immigration Appeals' (BIA) denial of the petitioners' motion to reopen their case based on ineffective assistance of counsel.[1]

Under 8 U.S.C. § 1252(a)(2)(B)(i), we may not review the BIA's discretionary determination that petitioners failed to demonstrate "exceptional and extremely unusual hardship" to a qualifying relative, which would have made them eligible for cancellation of removal. Section 1252(a)(2)(B)(i)'s jurisdictional bar does not, as petitioners argue, violate the separation of powers. *See Kalaw v. I.N.S.*, 133 F.3d 1147, 1152 (9th Cir.1997).

Nor does this jurisdictional bar violate Bryan Romero's constitutional rights. Citizen family members—including citizen

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts and circumstances of this case are well known to the parties, we discuss only those facts necessary to understand our decision.

children—cannot challenge the removal of an otherwise removable alien based on their own constitutional rights as citizens. *See Urbano de Malaluan v. I.N.S.*, 577 F.2d 589, 594 (9th Cir.1978). A contrary rule "would permit a wholesale avoidance of immigration laws if an alien were to be able to enter the country, have a child shortly thereafter, and prevent deportation." *Id.* Thus, § 1252(a)(2)(B)(i) does not, as petitioners argue, unconstitutionally deprive Bryan Romero of judicial review of a decision affecting his constitutional rights.

■ The BIA did not err in denying the petitioners' motion to reopen based on ineffective assistance of counsel. Assuming without deciding that the BIA erred in its application of the *Lozada* requirements and the standard used to determine whether the petitioners suffered prejudice due to the ineffective assistance of their first counsel, petitioners have not demonstrated "plausible grounds for relief" as is required to support a due process claim for ineffective assistance of counsel in an immigration proceeding. *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir.2005). Petitioners' eligibility for cancellation of removal hinges on demonstrating that a qualifying relative would suffer "exceptional and extremely unusual hardship" were petitioners removed. *See* 8 U.S.C. § 1229b(b)(1)(D). The only types of hardship petitioners have asserted Bryan Romero would suffer were he to return to Mexico with the petitioners are cultural alienation, lower standards of living and disparities in educational opportunities, all of which are insufficient to meet the high standard set out in § 1229b(b)(1)(D). *Cf. Matter of Andazola–Rivas*, 23 I. & N. Dec. 319 (BIA 2002).

In the absence of any plausible ground upon which the plaintiffs could prevail were they granted a new hearing, we can-

not conclude that there is any chance the petitioners' lawyer's "deficient performance *may* have affected the proceedings." *Maravilla v. Ashcroft*, 381 F.3d 855, 859 (9th Cir.2004) (emphasis added). The petition to review the BIA's denial of the petition to reopen is therefore DENIED.

