Pedro Acua TORRES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75027.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.[*]

Filed June 13, 2007.

Bernadette W. Connolly, Esq., Law Offices of Bernadette W. Connolly, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Carl A. Anderson, Esq., DOJ–U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM [**]

Pedro Acua Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, and review claims of due process violations due to ineffective assistance of counsel de novo. *See Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review and remand for further proceedings.

The BIA applied the wrong standard when determining whether the performance of prior counsel resulted in prejudice to Acua Torres. The BIA required Acua Torres to demonstrate that he or his qualifying relatives would suffer extreme hardship upon Acua Torres' deportation, *see* 8 U.S.C. § 1254(a)(1) (repealed 1997), when he need only demonstrate that the deficient performance by counsel may have affected the outcome of the proceedings, *see Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858–59 (9th Cir.2004) (per curiam) (BIA abused its discretion when it directly adjudged question of whether petitioners would win or lose claim when determining prejudice).

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The record before us demonstrates that at the hearing before the IJ, Acua Torres' counsel failed to present critical evidence, available at the time, of Acua Torres' constant financial support of his two U.S. citizen children. Counsel also failed to call the mother of Acua Torres' son Jesse to provide critical testimony in support of his application for suspension of deportation, even though she was present in the immigration courtroom on the day of the hearing. Finally, counsel failed to provide the court with evidence that Acua Torres' son Jesse was a U.S. citizen, even though this evidence was provided to counsel prior to the hearing. *See Iturribarria v. INS,* 321 F.3d 889, 900 (9th Cir.2003) (petitioners must demonstrate that counsel's performance was so inadequate that it may have affected the outcome of the proceedings.) Cumulatively, this evidence directly addressed the IJ's stated concerns with the merits of Acua Torres' case.

Because counsel failed to perform with sufficient competence, and because this deficient performance may have affected the outcome of the proceedings, we grant the petition for review. We remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**