**Jose Luis RUIZ–FLORES; Gloria Rojas–Chavez; Andrea Celeste Ruiz–Rojas, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72723.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

Helen A. Sklar, Esq., Law Office of Helen Sklar, Esq., Los Angeles, CA; Kari E.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hong, Law Office of Kari E. Hong, Portland, OR, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jonathan F. Potter, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

**MEMORANDUM** **

Jose Luis Ruiz–Flores, his wife Gloria Rojas–Chavez and daughter Andrea Celeste Ruiz–Rojas petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 857 (9th Cir. 2004) (per curiam), we grant the petition for review, and remand.

The BIA abused its discretion when it applied the wrong standard to determine whether the performance of prior counsel resulted in prejudice to Ruiz–Flores and Rojas–Chavez. The BIA required Ruiz–Flores and Rojas–Chavez to demonstrate

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

their eligibility for cancellation of removal, when they need only demonstrate that the deficient performance by counsel may have affected the outcome of proceedings. *See id.* at 858–59 (BIA abused its discretion when it determined that counsel's performance did not result in prejudice by directly adjudging whether the petitioners would win or lose their claim).

Accordingly, we remand for the BIA to determine, under the correct standard, whether Ruiz–Flores and Rojas–Chavez were prejudiced by prior counsel's conduct. If either Ruiz–Flores' or Rojas–Chavez's application for cancellation of removal is ultimately granted, the agency should consider Ruiz–Rojas' claim that her removal would result in the requisite hardship to her parents.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.