**Lazaro SOTELO–BELTRAN; Maria de Los Angeles Silva–Hernandez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70079.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007 *.

Filed Aug. 30, 2007.

Michael Friedberg, Law Offices of Saldin & Friedberg, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Lazaro Sotelo–Beltran and Maria de los Angeles Silva–Hernandez, natives and citizens of Mexico, petition for review of a Board of Immigration Appeals ("BIA") order denying their motion to reopen removal proceedings based on ineffective assistance of counsel. We review the denial of a motion to reopen for abuse of discretion, *see Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005), and grant the petition for review.

The BIA abused its discretion by concluding that petitioners failed to document the date of commencement and the scope of their contractual relationship with their prior counsel, where petitioners submitted two affidavits and multiple receipts on point. *See id.* at 792 (finding an abuse of discretion where the BIA failed to consider evidence submitted with petitioner's motion).

The BIA further abused its discretion in basing its prejudice inquiry on a heightened standard. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 859 (9th Cir. 2004) (holding the BIA abused its discre-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion where it analyzed prejudice under too stringent a standard; "It should have asked only whether [the attorney's] deficient performance may have affected the proceedings.").

We therefore remand for further proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.