**Florencia TUM, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–71278.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 14, 2009.*

Filed Oct. 5, 2009.

Luis Carlos Ayala, Esq., Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Todd W. Gleason, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Florencia Tum, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen, and review de novo claims of due process violations based on ineffective assistance of counsel. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review and remand for further proceedings.

The BIA erred in concluding that Tum did not establish prejudice. Former counsel's failure to elicit critical testimony regarding the March 5, 1990, incident may have affected the outcome of the proceedings. *See Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858–59 (9th Cir.2004) (per curiam). The immigration judge ("IJ") concluded that Tum was not credible because of perceived inconsistencies in her in-court testimony and between her testimony and her asylum application. Had the IJ been made aware of the details of the incident, however, he may have deemed the inconsistencies minor and found that they did not go to the heart of her claim. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003) ("Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding.").

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.