**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AGUSTINUS DAVID MONIAGA, | No. 08-70406 |
| Petitioner, | Agency No. A078-020-348 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Agustinus David Moniaga, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the BIA's denial of a motion to reopen, and review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand.

The BIA abused its discretion by basing its prejudice inquiry on a heightened standard where it concluded that Moniaga failed to establish a prima facie case of eligibility for the relief sought. *See Iturribarria v. INS*, 321 F.3d 889, 899-90 (9th Cir. 2003) (alien must demonstrate that counsel's performance "was so inadequate that it may have affected the outcome of the proceedings"); *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (alien "need not show that they would win or lose on any claims") (internal citation and quotation marks omitted). We therefore remand for the BIA to reconsider its prejudice determination.

**PETITION FOR REVIEW GRANTED; REMANDED.**