**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAYRA DELGADILLO DE PEREZ; JOSE ALFREDO PEREZ HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 07-74012 <br> 08-71599 <br><br> Agency Nos. A097-347-153 <br> A097-347-154 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Mayra Delgadillo De Perez and

Jose Alfredo Perez Hernandez, natives and citizens of Mexico, petition for review

of the Board of Immigration Appeals' ("BIA") order affirming an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

07-74012/08-71599

judge's ("IJ") decision denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and for abuse of discretion the denial of a motion to reopen, *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004) (per curiam). We grant the petition for review in No. 08-71599, and dismiss the petition for review in No. 07-74012.

The BIA abused its discretion in denying petitioners' motion to reopen because it applied the wrong standard to determine whether the performance of prior counsel resulted in prejudice. *See id.* at 858-59 (BIA abused its discretion when it determined that counsel's performance did not result in prejudice by directly adjudicating whether the petitioners would win or lose their claim). The BIA required petitioners to demonstrate eligibility for cancellation of removal, when they need only demonstrate that counsel's performance "may have affected the outcome of the proceedings" before the IJ. *See id*. (quoting *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2004)). We therefore remand for the BIA to determine, under the correct standard, whether petitioners were prejudiced by prior counsel's conduct.

We need not address the petition for review in No. 07-74012 in light of our disposition in No. 08-71599.

      **IN NO. 07-74012:**      **PETITION FOR REVIEW DISMISSED.**

      **IN NO. 08-71599:**      **PETITION FOR REVIEW GRANTED; REMANDED.** Respondent shall bear the costs for this petition for review.