**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO LEONEL CHAVEZ-MEZA, a.k.a. Hugo L. Chavez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72783 <br><br> Agency No. A090-525-199 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Hugo Leonel Chavez-Meza, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

321 F.3d 889, 894 (9th Cir. 2003), and review de novo claims of ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand.

In Chavez-Meza's motion to reopen, he claimed his counsel in proceedings rendered ineffective assistance by failing to submit an application for withholding of removal or relief under the Convention Against Torture ("CAT"). The BIA erred by basing its prejudice inquiry on a heightened standard where it concluded that Chavez-Meza failed to establish prima facie eligibility for CAT relief. *See Maravilla v. Ashcroft*, 381 F.3d 855, 859 (9th Cir. 2004) (per curiam) (BIA abused its discretion by applying prima facie eligibility standard to prejudice analysis). With respect to withholding of removal, the BIA also erred in concluding Chavez-Meza's motion did not set forth plausible grounds for relief. *See Mohammed*, 400 F.3d at 798 (prejudice established where alien raised "plausible" claim for relief).

Accordingly, the BIA abused its discretion in denying Chavez-Meza's motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law"). We grant the petition for review and remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**