
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KLELIA GARCIA-BACHEZ, AKA Edith Alejandra Mira-Portillo, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-71629 <br><br> Agency No. A072-264-718 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2016**
Pasadena, California

Before: CLIFTON, CALLAHAN, and IKUTA, Circuit Judges.

Petitioner Klelia Garcia Bachez petitions this court for review of the BIA's

order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition.

To cure the untimeliness of her motion to reopen, Garcia sought to invoke equitable tolling, which required her to make a prima facie showing of ineffective assistance of counsel. She has not shown that the BIA abused its discretion in declining to apply equitable tolling based on her contention that her counsel rendered ineffective assistance, or that the BIA mischaracterized the record in rendering its decision.

To prove ineffective assistance of counsel in an immigration proceeding, Garcia must show that her attorney's conduct rendered the proceeding "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999). Garcia's claim that counsel never asked her whether she had reason to fear returning to Guatemala does not meet this burden. The attorney's lack of knowledge of her experiences in Guatemala was due to her failure to inform him of those experiences, and the attorney's alleged failure to inquire about them does not render his assistance ineffective. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004). Nor is the alleged infrequency of meetings between Garcia and her counsel, on its own, enough to meet this high bar, absent some showing that such meetings were

2

requested and necessary.  Garcia therefore did not establish that her "counsel [failed to] perform with sufficient competence."  *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (quoting *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004)).  Even if Garcia had shown deficient performance, she also failed to identify any prejudice stemming from the alleged ineffective assistance.  *See Ortiz*, 179 F.3d at 1153–54.

Because Garcia's ineligibility for equitable tolling is dispositive, we decline to consider Garcia's other challenges to the BIA's order.  *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED**