FILED

**NOT FOR PUBLICATION**

MAY 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABRAHAM F. KALILU,<br>        Petitioner,<br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br>        Respondent. | No. 11-72124<br><br>Agency No. A098-132-223<br><br>MEMORANDUM[*] |

| | |
|---|---|
| ABRAHAM F. KALILU, AKA<br>BUBACARR BAHAGA<br>        Petitioner,<br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br>        Respondent. | No. 12-70546<br><br>Agency No. A098-132-223 |

| | |
|---|---|
| ABRAHAM F. KALILU,<br>        Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br>        Respondent. | No. 12-72865<br><br>Agency No. A098-132-223 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals
Submitted April 5, 2016[**]
Seattle, Washington

Before: GILMAN,[***] RAWLINSON, and CALLAHAN, Circuit Judges.

Petitioner Abraham F. Kalilu, a native and citizen of Liberia, petitions for review of three decisions rendered by the Board of Immigration Appeals (BIA) following an immigration judge's (IJ's) denial of Kalilu's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). All three cases have been consolidated in this appeal. In the course of his asylum proceedings, Kalilu lied about the date on which he entered the United States in order to make his application for asylum timely. This falsehood was discovered by the Department of Homeland Security in the course of a routine fingerprint check, which revealed that Kalilu had been arrested inside the United States almost a year before his stated date of entry. Kalilu eventually admitted to the arrest, to knowingly misrepresenting his date of entry, and to procuring a fraudulent refugee document from Guinea in order to bolster his asylum claim. As

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

a result, the IJ found Kalilu's application "frivolous" and denied his claims for relief. The BIA rendered the first decision relevant to this appeal in June 2011, when it affirmed the IJ's frivolousness determination. In January 2012, the BIA issued a second decision that denied Kalilu's motion to reconsider its June 2011 decision, which Kalilu based on claims of ineffective assistance of counsel. The BIA then issued a third decision in August 2012 in which it denied Kalilu's motion to reconsider its January 2012 decision. Kalilu now petitions for review of all three BIA decisions. For the reasons set forth below, we deny review.

Kalilu first contends that the frivolousness determination made by the IJ and upheld by the BIA did not comport with the procedural requirements enumerated in *Matter of Y-L-*, 24 I. & N. Dec. 151 (BIA 2007). To the contrary, both the IJ's and the BIA's analyses soundly support a frivolousness determination. Under *Matter of Y-L-*, a frivolousness determination is permissible where (1) the applicant received notice of the consequences of filing a frivolous application, (2) the IJ makes a specific finding of frivolousness, (3) the determination is supported by a preponderance of the evidence, and (4) the applicant is given sufficient opportunity to account for any discrepancies in his or her application. *Id*. at 155-60. This four-part procedural requirement was adopted by this court in *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008).

Consistent with *Matter of Y-L-*, Kalilu received proper notice of the consequences of filing a frivolous application. In fact, Kalilu signed a statement confirming that those consequences had been orally explained to him by a United States Citizenship and Immigration Services asylum officer. The IJ also made a specific finding that Kalilu had knowingly filed a frivolous asylum application based on Kalilu's own admissions that he had fabricated the date of entry in order to comply with the one-year filing deadline, and that he had perpetuated this fabrication in his asylum interview and at his removal hearing.

Kalilu's admissions, coupled with official documentation showing that he had been arrested nearly a year prior to his stated date of entry, satisfy the requirement to prove by a preponderance of the evidence that the fabrication was knowing and material. Finally, Kalilu was given ample opportunity to account for his fabrications at a hearing specifically dedicated to examining the inconsistencies in his application. Because the four procedural requirements of *Matter of Y-L-* have been met, we deny Kalilu's petition for review on this basis.

Kalilu next argues that the BIA abused its discretion in denying his motion to reopen on the basis of ineffective assistance of counsel. This argument is likewise without merit. In order to prevail on this claim, Kalilu must prove that any deficiencies in his counsels' actions were prejudicial and thus would have

altered the outcome of the case. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004).

Kalilu cannot show prejudicial error as a result of the actions of any of his six previous attorneys because the IJ's determination was not influenced by any conduct or omissions by his attorneys. It was instead based squarely on Kalilu's own admissions of knowing deceit. The actions or inactions of his attorneys would not have altered the outcome of the case, and therefore the BIA correctly concluded that Kalilu's ineffective-assistance claim is meritless. Accordingly, the BIA did not abuse its discretion when it denied Kalilu's consolidated motion to reopen and reconsider its prior decision based on claims of ineffective assistance of counsel.

For the reasons stated above, we **DENY REVIEW** of all three petitions consolidated in this appeal.