**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEGHISABET GRIGORYAN, | No.    15-72666 |
| Petitioner, | Agency No. A095-880-756 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Yeghisabet Grigoryan, a native and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Avagyan v. Holder*, 646

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 672, 674 (9th Cir. 2011).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen based on ineffective assistance of counsel for failure to show prejudice, where Grigoryan offered no new contentions or evidence regarding nexus to a protected ground, and therefore did not establish that prior counsels' performance may have affected the outcome of his proceedings.  *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (to establish prejudice for an ineffective assistance of counsel claim, an alien must demonstrate that counsel's performance may have affected the outcome of the proceedings).

The record does not support Grigoryan's contention that the agency failed to consider arguments or provide sufficient reasoning.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We lack jurisdiction to consider Grigoryan's contention that the agency abused its discretion in declining to reopen her case sua sponte.  *See Ekimian v. I.N.S.*, 303 F.3d 1153, 1159-60 (9th Cir. 2002); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-824 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).  Grigoryan urges us to reconsider our holding in *Ekimian*, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision

from a higher court or en banc decision of this court. *See Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011).

We deny the request for EAJA fees as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**