NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO BALLIN-GARCIA, AKA Jose Ballin, AKA Jose Garcia, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  16-71044 <br> 17-70144 <br><br> Agency No. A206-409-625 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2020**
Pasadena, California

Before:  WATFORD, BENNETT, and LEE, Circuit Judges.

The Board of Immigration Appeals (BIA) did not abuse its discretion by

denying Jose Alfredo Ballin-Garcia's second motion to reopen.

Ballin-Garcia's counsel filed the first motion to reopen based on Ballin-

Garcia's potential eligibility for relief from cancellation of removal due to his two

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

new qualifying U.S. relatives. The BIA denied that motion as untimely. Because the untimeliness of his first motion to reopen resulted from his counsel's scheduling error, he filed a second motion to reopen seeking the same relief, arguing that his counsel's scheduling error constituted ineffective assistance of counsel. The BIA implicitly agreed with Ballin-Garcia and analyzed his second motion to reopen as it would have analyzed a timely motion to reopen.

As a threshold matter, the BIA properly assessed whether the scheduling error prejudiced Ballin-Garcia by assessing whether a timely motion to reopen would have been granted. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004). To prevail on a timely motion to reopen based on new evidence, a petitioner must show a "reasonable likelihood" that the statutory requirements for the underlying relief have been satisfied. *Ordonez v. I.N.S.*, 345 F.3d 777, 785 (9th Cir. 2003).

The BIA correctly concluded that Ballin-Garcia failed to show prima facie eligibility for cancellation of removal because the evidence that he offered did not show "exceptional and extremely unusual hardship" to his wife and daughter. *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010). Thus, even if timely, Ballin-Garcia's first motion to open would have failed. As a result, Ballin-Garcia did not show that his counsel's late filing prejudiced the outcome of his first motion to reopen.

Contrary to Ballin-Garcia's argument, the BIA did not engage in fact finding by concluding that he failed to show "exceptional and extremely unusual hardship" to his wife and daughter. Rather, the BIA appropriately assessed whether he would have carried his burden of showing prima facie eligibility for relief.

Finally, Ballin-Garcia's challenge to the BIA's denial of his request for a continuance is moot. Prior to filing his motions to reopen, Ballin-Garcia requested a continuance to marry his then-fiancé so that he could seek cancellation of removal. Ballin-Garcia has now married his then-fiancé and unsuccessfully sought cancellation of removal. Even assuming the BIA erred by denying his request for a continuance, this court is unable to grant any effective relief.

**PETITION FOR REVIEW DENIED in No. 17-70144; PETITION FOR REVIEW DISMISSED in No. 16-71044.**