NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MANUEL ORTIZ, | No.   16-70731 |
| Petitioner, | Agency No. A087-760-780 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2020
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and LASNIK,** District
Judge.

Victor Manuel Ortiz, a native and citizen of El Salvador, seeks relief from

the Board of Immigration Appeals' denial of immigration relief.  Ortiz alleges that

his counsel was ineffective and that he fears persecution if returned to El Salvador

because of his membership in a particular social group.  Although ably represented

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

by pro bono counsel, who persuasively assert that Ortiz's prior counsel was ineffective, Ortiz has not shown any nexus between his alleged incidents of persecution and his proposed particular social group. Accordingly, his petition for relief is denied.[1]

1. After the Immigration Judge (IJ) denied Ortiz relief, he filed an appeal to the Board of Immigration Appeals (BIA). He then filed a motion to remand based on his prior attorney's failure to prepare him for his hearing before the IJ. The BIA denied the motion, finding no prejudice, and noting that Ortiz "testified his asylum application was true and correct and he had nothing to add or take away before providing extensive, sworn testimony regarding the specifics of his claim."

We review the BIA's denial of a motion to remand for abuse of discretion. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). To prevail on a claim of ineffective assistance of counsel, a petitioner must first demonstrate that counsel failed to perform with sufficient competence, and second, that he was prejudiced by counsel's performance. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004).

Although Ortiz's motion to remand made a strong argument that his former attorney performed deficiently, the motion failed to allege any nexus between the

---

[1]    Because the parties are familiar with the facts of this application, we do not discuss them at length here.

2

proposed particular social group (residing in a particular neighborhood in San Salvador) and the incidents of persecution that Ortiz alleged. Accordingly, Ortiz has not shown that the BIA's denial of his motion to remand was an abuse of discretion.

2. The BIA denied Ortiz's asylum claim, finding that the IJ's adverse credibility finding was not clearly erroneous, that Ortiz "did not distinguish his claim from analogous claims involving a fear of extortion, general lawlessness, and crime which do not implicate a protected ground under the Act," and "did not meet his burden of proving a nexus between the harm he experienced and a particular social group."

We deny a petition for review "if the BIA's determination is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole,'" and a petition "may be granted only if the evidence presented 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.'" *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (internal citations omitted).

Ortiz sought relief based on his fear of persecution based on belonging to a particular social group: people who lived in a colony or neighborhood in San Salvador known as Colonia Matsano. Ortiz testified to two incidents of being threatened by gang members. He stated that the first incident was an attempted

3

robbery that was aborted when his brother and some of his classmates arrived. The second incident arose when gang members sought information about the murder of one of Ortiz's friends. Nothing in Ortiz's testimony suggests any nexus between the incidents and where Ortiz lived. We have held that a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino*, 622 F.3d at 1016. Even if Ortiz's lack of credibility was due to his counsel's ineffectiveness, because the testimony he gave, taken as true, contains no evidence of a nexus between the incidents he related and his proposed social group, Ortiz has not shown that the record compels a grant of immigration relief.[2]

The petition for review is **DENIED**.

---

[2] Because we hold that the BIA reasonably found there was no nexus to Ortiz's proposed social group, we do not consider whether that group constitutes a cognizable social group pursuant to *M-E-V-G-*, 26 I & N Dec. 227, 237 (BIA 2014), and *Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016).

4