**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABEL AMILCAR ORDONEZ MENDOZA, | No. 20-72722 |
| Petitioner, | Agency No. A073-916-751 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2022**
Anchorage, Alaska

Before: S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Petitioner Abel Amilcar Ordonez Mendoza petitions for review of the Board

of Immigration Appeals' ("BIA") order adopting the decision of an Immigration

Judge ("IJ") denying his motion to reopen an *in absentia* order of deportation. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.  Because the parties are familiar with the facts, we need not recount them here.

I

The BIA did not abuse its discretion in denying the motion to reopen.  The BIA reasonably concluded that, even if equitable tolling applied, Ordonez Mendoza's motion to reopen was not timely filed because he waited, at least, ten years after discovering that counsel had deceived him to file it.  *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016) (waiting six years before seeking further legal advice because a prior attorney had given unspecific legal advice to wait "a few years" before seeking immigration relief did not show the diligence necessary for equitable tolling).

Contrary to Ordonez Mendoza's assertion, the BIA did not impermissibly reject his declaration as noncredible.  The BIA relied on the facts in Ordonez Mendoza's declaration when it concluded that he was on notice of counsel's deception in 2004 when he was deported twice, or at the latest, 2009 when he discovered that counsel had closed his law practice without contacting him to return his file.  These facts formed the basis for the BIA's conclusion that Ordonez Mendoza was not diligent.

Nor did the BIA err in failing to specifically discuss the role that Ordonez Mendoza's roommate played in the matter. The BIA is not required to discuss every fact submitted in a declaration. Rather, it must "indicate with specificity that it heard and considered petitioner's claims." *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam) (citation omitted). Because the BIA determined that Ordonez Mendoza's attempts to remedy the situation after 2009 were largely inadequate, it was not necessary for the BIA to discuss Ordonez Mendoza's attempts to find his immigration records prior to hiring new counsel in 2018.

II

We decline to address Ordonez Mendoza's contention that he suffered ineffective assistance of counsel, because the BIA did not reject it. Rather, the BIA found that any claim of ineffective assistance did not equitably toll the 180-day time period under 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) to file a motion to reopen because Ordonez Mendoza did not demonstrate due diligence. *See Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) (noting that appeals panels "may affirm the [BIA] only on grounds set forth in the opinion under review") (citation omitted).

**PETITION DENIED**