NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WATCHARIN LUAMSEEJUN, | No. 22-721 |
| Petitioner, | Agency No. A207-134-862 |
| v. |  |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2024
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Watcharin Luamseejun asked the Board of Immigration Appeals to reopen

her removal proceedings. She claimed her prior counsel provided ineffective

assistance by failing to introduce additional evidence to support her asylum,

withholding of removal, and Convention Against Torture claims. The BIA denied

the motion to reopen. Luamseejun petitions for our review of that denial. We have

_____

         *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. When denying the motion to reopen, the BIA did not "directly adjudge[]" whether Luamseejun's crime was particularly serious. *Cf. Maravilla-Maravilla v. Ashcroft*, 381 F.3d 855, 859 (9th Cir. 2004) (on a motion to reopen, the BIA should not "directly adjudge[] . . . whether petitioners would win or lose their claim"). Instead, the BIA compared Luamseejun's new evidence to the evidence presented during the initial removal proceedings and to the reasons the IJ and the BIA initially gave for denying relief. Because the new evidence was either cumulative of evidence that the agency previously considered or not relevant to the factors the BIA deemed material, the BIA held that the new evidence "could [not] change" the outcome of the proceedings. In other words, in ruling on Luamseejun's motion to reopen, the BIA asked whether the new evidence "may have affected the outcome" of the removal proceedings. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004) (emphasis and quotation omitted). The BIA did not apply an incorrect standard in determining whether counsel's omissions were prejudicial. *Id.*

2. Luamseejun's new evidence could not have changed the agency's determination that her sex-trafficking offense is particularly serious. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).

Luamseejun points to evidence that she was initially a victim of sex

trafficking, she cooperated with the government after her arrest, and she received a significant downward departure at sentencing. But evidence of these facts was presented to the IJ and the BIA during the initial proceedings. Indeed, we have already recognized that the BIA properly considered most of these facts when denying Luamseejun's previous petition for review. *Luamseejun v. Garland*, No. 21-70496, 2022 WL 1403680, at *1 (9th Cir. May 4, 2022). Because additional documentation of these facts would have been cumulative, counsel's failure to present such evidence was not prejudicial. *See Blanco v. Mukasey*, 518 F.3d 714, 722 (9th Cir. 2008) (finding no prejudice when counsel failed to call a witness to introduce cumulative testimony); *Barraza-Rivera v. INS*, 913 F.2d 1443, 1448–49 (9th Cir. 1990) (finding no prejudice when the agency failed to discuss facts that were already presented).

Luamseejun next points to evidence of her life story that "contextualizes" her decision to engage in sex-trafficking. She also notes that the sentencing judge opined that deportation was not in her "best interests" and would be unjust.

This evidence, however, is not relevant to the factors the BIA deemed material. *See Bare v. Barr*, 975 F.3d 952, 961, 966 (9th Cir. 2020) (noting courts lack jurisdiction to determine whether a crime is particularly serious). The IJ and the BIA deemed Luamseejun's crime particularly serious because she voluntarily rose through the ranks of an international sex ring, became a house boss, profited

from prostitution, used "force, fraud, and coercion" to compel women to engage in sex acts, and was sentenced to 47 months' imprisonment. Luamseejun's additional detail about her backstory and the sentencing judge's opinion do not negate these facts. Thus, we cannot say that introducing that evidence may have changed the outcome of the proceedings. *See Iturribarria v. INS*, 321 F.3d 889, 902 (9th Cir. 2003).

3.     Nor could Luamseejun's new evidence change the outcome of her claim for relief under the Convention Against Torture. The IJ and the BIA denied Luamseejun's CAT claim because she failed to show that the Thai government would acquiesce to acts amounting to torture. Additional evidence that a codefendant threatened Luamseejun while in the United States and that the United States government took those threats seriously does not bear on that dispositive holding. Thus, counsel's decision to omit that evidence was not prejudicial.

4.     Luamseejun also claims the BIA violated her due-process rights by discounting her new evidence when ruling on the motion to reopen. But we presume the BIA considered all the evidence presented. *Lartia-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Luamseejun cannot overcome that presumption because the BIA discussed the new evidence in its decision. And even if Luamseejun could show that the BIA was wrong to discount her evidence as cumulative and irrelevant, which she has not, that itself would not amount to a

violation of due process.  *Bridges v. Wixon*, 326 U.S. 135, 156 (1945) ("[T]he alien does not prove he had an unfair hearing merely by proving the decision to be wrong.").

**PETITION DENIED.**[1]

---

[1] Luamseejun's motion to stay removal, Dkt. 3, is denied.  The temporary stay of removal shall remain in place until the mandate issues.

22-721