FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AKOSUA AMPONSAAH FRECKLETON, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70161 <br><br> Agency No. A023-430-758 <br><br> ORDER |

Before:   CANBY, THOMAS and W. FLETCHER, Circuit Judges.

Freckleton's petition for rehearing is granted.

The memorandum disposition filed on June 3, 2010 is withdrawn.  A new memorandum disposition will be filed concurrently with this order.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AKOSUA AMPONSAAH FRECKLETON, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70161 <br><br> Agency No. A023-430-758 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS and W. FLETCHER, Circuit Judges.

Akosua Amponsaah Freckleton, a native and citizen of Jamaica, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review for abuse of discretion the denial of a motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002). We grant the petition for review.

The BIA abused its discretion in concluding that Freckleton failed to establish ineffective assistance of counsel resulting in an exceptional circumstance that warrants rescission of her in absentia order of removal. *See Lo v. Ashcroft*, 341 F.3d 934, 936-37 (9th Cir. 2003). Competent counsel would have done more to ensure that his client was present on the day of the hearing, including, upon reaching her telephonically, instructing her to go straight to the courthouse. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004). Had he done so, she almost certainly would have arrived while the courtroom was open and would not have been ordered removed in absentia. *See Perez v. Mukasey*, 516 F.3d 770, 774 (9th Cir. 2008) ("a petitioner who arrives late for [her] immigration hearing, but while the IJ is still in the courtroom, has not failed to appear for that hearing.").

Freckleton was prejudiced by her counsel's actions. *See Maravilla Maravilla*, 381 F.3d at 858 (alien need not show that they would win or lose on any claims, but that ineffective assistance may have affected proceedings).

We therefore remand for the BIA to reopen Freckleton's case.

**PETITION FOR REVIEW GRANTED; REMANDED**.

08-70161