**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRAPHAWADEE KONTONG, | No. 08-73402 |
| Petitioner, | |
| | Agency No. A095-723-150 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Praphawadee Kontong, a native and citizen of Thailand, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to remand

and dismissing her appeal from an immigration judge's ("IJ") order of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and for abuse of discretion the denial of motions to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA properly concluded that Kontong failed to establish she had been prejudiced by former counsel's representation because she did not explain how a timely filed application for cancellation of removal may have affected the outcome of her removal proceedings. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858-59 (9th Cir. 2004) (per curiam). Kontong did not provide any evidence of exceptional and extremely unusual hardship to her lawful permanent resident mother to show she could qualify for cancellation of removal. *See* 8 U.S.C. § 1229a(b)(1).

The BIA did not abuse its discretion in denying Kontong's motion to remand for adjustment of status based on her marriage to a United States citizen where the evidence submitted did not show a strong likelihood of a bona fide marriage. *See Malhi*, 336 F.3d at 993-94.

We lack jurisdiction to review Kontong's contention that the IJ abused her discretion by deeming Kontong's application for cancellation of removal as abandoned because Kontong failed to raise that issue before the BIA and thereby

08-73402

failed to exhaust her administrative remedies.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Kontong's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**