**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN ALEXANDER FRANCO, | No. 09-71272 |
| Petitioner, | |
| v. | Agency No. A041-132-618 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

Marvin Alexander Franco (Franco) petitions for review of a decision of the

Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration

Judge's (IJ) denial of Franco's application for relief under the United Nations

Convention Against Torture (CAT). We grant the petition and remand to the BIA.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Franco appeals only the BIA's denial of his ineffective assistance of counsel claim. The BIA abused its discretion in denying his claim.

1.      The BIA incorrectly held that *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988) barred Franco's claim, despite an obvious and facial ineffectiveness by Franco's former counsel that cannot be explained as any possible tactical consideration. Franco's allegation that his former counsel failed to include the entire Harvard report is "plain on the face of the administrative record." *See Escobar-Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir. 2000). Moreover, the portion of the report not included by Franco's former counsel directly addressed the basis for Franco's CAT claim. *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (holding that the *Lozada* requirements "need not be rigidly enforced" when "an adequate factual basis exists in the record for an ineffectiveness complaint . . . and the complaint is a legitimate and substantial one"). The BIA abused its discretion in determining that Franco had not met the standard for noncompliance with *Matter of Lozada*.

2.      The BIA also applied the now-overruled *Compean I* standard in determining whether Franco's former counsel failed to perform with sufficient competence. *See Matter of Compean, Bangaly & J-E-C-* (*Compean II*), 25 I&N Dec. 1, 3 (A.G.2009) (vacating *Matter of Compean, Bangaly & J-E-C-* (*Compean*

*I*), 24 I&N Dec. 710 (A.G. 2009) and directing the BIA to apply pre-*Compean* standards). Contrary to the government's assertion, the BIA clearly relied on *Compean*'s egregious conduct standard. On remand, the BIA must consider whether Franco's former counsel failed to "perform with sufficient competence," *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004), and whether "competent counsel would have acted otherwise," *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004), by including the entire report in the record.

3. Finally, the BIA applied the wrong legal standard to its prejudice analysis. The BIA assessed prejudice under a standard requiring Franco to show that he would have won his CAT claim had the entire report been submitted. This approach is contrary to established case law in this circuit. *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (holding that "prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings"); *Maravilla*, 381 F.3d at 858 (holding that petitioner "need not show that [he] would win or lose on any claims."). On remand, the BIA must determine whether submission of the entire Harvard report may have affected the outcome of proceedings.

**GRANTED AND REMANDED.**

3

**Franco v. Holder, No. 09-71272**

CALLAHAN, CIRCUIT JUDGE, concurring in part and dissenting in part:

I concur in the majority's disposition to the extent that it holds that the Board of Immigration Appeals ("BIA") erred in relying on the egregious conduct standard articulated in *Matter of Compean, Bangaly & J-E-C-* (*Compean I*), 24 I&N Dec. 710 (A.G. 2009). *See Matter of Compean, Bangaly & J-E-C-* (*Compean II*), 25 I&N Dec. 1, 3 (A.G.2009) (vacating *Compean I*), 24 I&N Dec. 710 (A.G. 2009). However, I dissent from the remainder of the majority's disposition.

The majority finds that Franco's attorney's failure to include portions of the Harvard report is facial ineffective assistance of counsel in contravention of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). I disagree. Franco conceded that he did not comply with the *Lozada* requirements and the BIA concluded that while the omitted material might have been relevant – and might even have presented a more compelling case for Franco – the submission of the omitted portions of the report would not make it more likely than not that Franco would be entitled to protection under the CAT and that the failure of Franco's attorney to include the omitted portions did not rise to the level of ineffective assistance of counsel. Specifically, the BIA determined that the omitted material did not demonstrate that Franco was likely to be tortured. Furthermore, the BIA noted that the entire Harvard report did not overcome the other evidence in the record considered by the Immigration

Judge, which included a State Department Issue Paper.

The BIA's determination that the material in the Harvard report did not overcome the other evidence in the record regarding Franco's CAT claim is not an unreasonable evaluation of Franco's case and we are not entitled to reweigh the evidence on appeal. *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009); *Kotasz v. I.N.S.*, 31 F.3d 847, 851 (9th Cir. 1994). Accordingly, despite the BIA's error in relying on *Compean I*, I would affirm the BIA's ineffective assistance of counsel determination.

I would also affirm the BIA's lack of prejudice determination. At issue here is whether the omitted portions of the Harvard report would have affected whether or not the BIA granted Franco's CAT claim. The BIA gave specific reasons for why the omitted material in the Harvard report would not affect Franco's CAT claim. In context, it is clear that the BIA reasonably concluded that the submission of the entire Harvard report would not have affected the outcome of Franco's claim, so remand on this issue is unnecessary and again fails to respect the deferential standard of review we owe the BIA. *See, e.g.*, *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009).