ORDER
Respondent’s motion to amend the memorandum disposition is granted. The memorandum disposition filed April 25, 2011, is amended to appear as filed concurrently with this Order. Judge Bybee’s dissent is unchanged from the original filed on April 25, 2011.
AMENDED MEMORANDUM *
Petitioners Pedro Cruz-Carbajal and Andrea Galeana Alonzo petition for review of the decision of the Board of Immigration Appeals (BIA) denying their motion to reopen. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.
We lack jurisdiction over Petitioners’ unexhausted procedural due process arguments, Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004), Petitioners’ disagreement with the underlying hardship determination, 8 U.S.C. § 1252(a)(2)(B)(i), and Petitioners’ challenge to the BIA’s refusal to reopen proceedings to address new evidence of hardship, Fernandez v. Gonzales, 439 F.3d 592, 602-03 (9th Cir.2006). Those claims are dismissed for lack of jurisdiction.
We have jurisdiction over Petitioners’ ineffective assistance of counsel claim. Fernandez, 439 F.3d at 602-03. This claim is exhausted because it was properly raised in a timely motion to reopen, see *761 Iturribarria v. INS, 321 F.3d 889, 896-97 (9th Cir.2003), and, in any event, the BIA decided it on the merits, Socop-Gonzalez v. INS, 272 F.3d 1176, 1186 (9th Cir.2001) (en banc).
The BIA erred by concluding that Petitioners’ counsel’s performance was adequate. Petitioners submitted unrebutted evidence to the BIA that they “never met” the attorney who represented them at their final hearing before the Immigration Judge, their attorney was “unprepared and unfamiliar with [their] files,” and their attorney “did not allow any of [their] witnesses] to speak to the Judge,” even though the witnesses were present and prepared to testify. Petitioners’ counsel failed to introduce any evidence about Petitioners’ parents’ hardship (though such evidence was elicited by the Government on cross-examination), and told Petitioners that it was “not ... important” to submit documentation about their parents’ health problems. Our cases have deemed similar conduct to constitute inadequate performance. E.g., Morales Apolinar v. Mukasey, 514 F.3d 893, 898-99 (9th Cir.2008); Jie Lin v. Ashcroft, 377 F.3d 1014, 1024-26 (9th Cir.2004). The BIA erred as a matter of law when it reached the contrary conclusion.
The BIA also erred to the extent that it addressed prejudice under a “prima facie eligibility” standard. Maravilla Maravilla v. Ashcroft, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam). We remand so that the BIA can address prejudice in the first instance and under the proper legal standard. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
Each party shall bear its own costs.
Petition for review DISMISSED IN PART and GRANTED IN PART; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.