10-2218-ag
Islam v. Holder

BIA
A096 426 163

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of August, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

_____

MOHAMMAD ISLAM
> *Petitioner*,

> v.                                                          10-2218-ag
> > > > > > > > > > > > > > > > > > > > > > > > NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent*.

_____

FOR PETITIONER:            Heidi J. Meyers, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Islam, a native and citizen of Bangladesh, seeks review of a May 13, 2010, order of the BIA denying his motion to reopen. *In re Mohammad Akhterul Islam*, No. A096 426 163 (B.I.A. May 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). As an initial matter, we note that we are unable to address Islam's argument that he established his eligibility for cancellation of removal in his original proceedings or that the BIA's review of those proceedings was inadequate, as our review is limited to the BIA's denial of the motion to reopen and we are "precluded from passing on the merits of the underlying [removal] proceedings." *Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006) (citation and internal quotation marks omitted).

Islam's motion argued that he had been prejudiced by the ineffective assistance of his former counsel who had, *inter alia*, failed to prepare him (Islam) and his wife for the hearing on his application for cancellation of removal and prepared inadequate corroboration of his continuous presence in the United States from 1993 to 2003. To demonstrate ineffective assistance of counsel, an alien must show "that competent counsel would have acted otherwise, and hat he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks omitted); *see also Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

Islam contended that his counsel was ineffective because he gave Islam only "basic guidelines" regarding what evidence was needed to establish continuous physical presence, that he did not specify what documents should be supplied, and did not correct allegedly erroneous information supplied by an accountant. The BIA analyzed each of these allegations and reasonably concluded that they did not establish ineffective assistance of counsel.

In addition, the BIA concluded that Islam had not shown that he was prejudiced by his counsel's alleged

ineffectiveness. The BIA did not explain what standard it used to determine that Islam was not prejudiced by his counsel's alleged failures. In *Vartelas v. Holder*, 620 F.3d 108, 113-15 (2d Cir. 2010), we noted that the BIA has not adopted a single standard for determining whether an alien has shown prejudice. More recently, the BIA issued a precedential decision stating that in the Ninth Circuit "prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's negligence, the outcome of the proceedings may have been different." *Matter of D-R-*, 25 I. & N. Dec. 445, --- (BIA 2011) (citing *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004)). In *Vartelas*, we determined that "we need not determine which of the standards of prejudice applie[d]" because "Vartelas ha[d] failed to show prejudice under any standard." 620 F.3d at 115. That is true in this case as well.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in

-4-

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk