**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOISES DE JESUS LOPEZ-FOLGAR,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70948

Agency No. A027-581-688

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011**

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Moises de Jesus Lopez-Folgar, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand, and dismissing his appeal from an immigration judge's ("IJ")

decision denying his applications for asylum, withholding of removal, protection

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, de novo questions of law, and for abuse of discretion the BIA's denial of a motion to remand. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). We deny in part and grant in part the petition for review, and we remand.

Lopez-Folgar's contention that the agency could not assume past persecution and was instead required to make an explicit past persecution finding fails. *See Hanna v. Keisler*, 506 F.3d 933, 938 (9th Cir. 2007) (where BIA assumes past persecution, this court also assumes past persecution and proceeds to determine whether the government has overcome the rebuttable presumption of a well-founded fear of persecution). Lopez-Folgar failed to raise any substantive challenge to the BIA's dispositive determination that, even if he established past persecution, any presumption of a well-founded fear of persecution was rebutted by evidence he could reasonably relocate within Guatemala. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not specifically raised and argued in a party's opening brief are waived); *see also* 8 C.F.R. § 1208.13(b)(1)(i)(B) (presumption of well-founded fear is rebutted by evidence a petitioner can reasonably relocate to another part of his country to avoid future persecution). Accordingly, Lopez-Folgar's asylum claim fails.

09-70948

Because Lopez-Folgar failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Lopez-Folgar failed to challenge the denial of his CAT claim in his opening brief. *See Martinez-Serrano*, 94 F.3d at 1259-60. Accordingly, his CAT claim also fails.

With respect to Lopez-Folgar's motion to remand, Lopez-Folgar argued to the BIA that due to his former counsel's ineffective assistance, evidence material to his application for cancellation of removal was not submitted to the agency. In denying the motion to remand, the BIA applied the now-overruled *Compean I* standard in assessing whether Lopez-Folgar's former counsel failed to perform with sufficient competence. *See Matter of Compean, Bangaly & J-E-C- (Compean II)*, 25 I & N Dec. 1, 3 (A.G. 2009) (vacating *Matter of Compean, Bangaly & J-E-C- ( Compean I)*, 24 I & N Dec. 710 (A.G. 2009) and directing the BIA to apply pre-*Compean* standards).

The BIA also applied the wrong legal standard to its prejudice analysis by requiring Lopez-Folgar to show he would have prevailed if his counsel had submitted to the immigration court the documentation he had provided to his counsel. *See Maravilla Maravilla v. Holder*, 381 F.3d 855, 858 (9th Cir. 2004) (to

show prejudice, petitioner "need not show that [he] would win or lose on any claims").  We therefore grant the petition with respect to Lopez-Folgar's motion to reopen claim and remand to the BIA for assessment under the proper standard.  *See Lin*, 377 F.3d at 1027 (petitioner is entitled to have counsel perform with "sufficient competence," and a petitioner demonstrates prejudice if he shows "'that he has *plausible* grounds for relief'" (citation omitted)).  In light of this conclusion, we do not reach Lopez-Folgar's cancellation of removal claim.

Each party shall bear its own costs for the petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**