**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EDMUND DUDA, | No.   14-70585 |
| Petitioner, | Agency No. A027-266-245 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Edmund Duda, a native and citizen of Poland, seeks review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's

denial of a motion to reopen and review de novo questions of law. *Mohammed v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand.

In denying Duda's motion to reopen, the BIA applied the general standard for motions to reopen in determining that Duda had not met the heavy burden of proving that the new evidence would likely change the result in the case. *See Matter of Coelho*, 20 I. & N. Dec. 464, 472-73 (BIA 1992) (explaining that a party who seeks to reopen proceedings to pursue relief bears a "heavy burden" of proving that if proceedings before the immigration judge were reopened the new evidence would likely change the result in the case). However, the BIA did not conduct a separate prejudice analysis under the lower standard for motions to reopen based on ineffective assistance of counsel or provide a reasoned explanation for its decision. *See Bonilla v. Lynch*, 840 F.3d 575, 588-89 (9th Cir. 2016); *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 859 (9th Cir. 2004) ("[T]he BIA directly adjudged the question of whether petitioners would win or lose their claim. The BIA thus abused its discretion by weighing the new prejudice evidence under standards more stringent than were proper: It should have asked only whether [prior counsel's] deficient performance may have affected the proceedings."); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned

14-70585

explanation for its actions.").  We remand this matter to the BIA so that it may

address Duda's ineffective assistance claim and apply the correct standard.  *See*

*INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach Duda's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**