UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUHUA QIU,<br><br>                Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | Nos.   13-74294<br>           14-71932<br><br>Agency No. A077-668-221<br><br>ORDER |

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

The petition for panel rehearing is GRANTED in part. We WITHDRAW our previous memorandum disposition (Dkt. 47 in No. 13-74294, 40 in No. 14-71932) and replace it with the one filed concurrently with this order. The petition for rehearing is DENIED in all other respects.

**IT IS SO ORDERED.**



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUHUA QIU, | No. 13-74294 |
| Petitioner, | Agency No. A077-668-221 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| SUHUA QIU, | No. 14-71932 |
| Petitioner, | Agency No. A077-668-221 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 14, 2017[]
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Petitioner Suhua Qiu petitions for review of two orders of the Board of Immigration Appeals (Board). The first order dismissed his appeal from an immigration judge's (IJ) order holding his asylum application to be frivolous, and the second denied his motion to reopen proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review only with respect to the Board's denial of the motion to reopen.

We "review the denial of a motion to reopen for abuse of discretion." *Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2012). The Board "abuses its discretion when its decision is 'arbitrary, irrational, or contrary to law.'" *Id.*, *quoting Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

The Board denied Qiu's motion to reopen, which was based on his attorneys' allegedly ineffective assistance, because Qiu had not submitted any evidence "beyond what was previously before either the Immigration Judge or the Board that would reflect that former counsels' performance was deficient." In

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

essence, the Board concluded that Qiu should have raised his ineffective assistance argument during his appeal. This conclusion suffers from two defects. First, it fails to distinguish between the allegedly ineffective performances of Qiu's two lawyers. Although Qiu conceivably could have challenged the first lawyer's performance on appeal, he necessarily could not have challenged the second lawyer's performance *during the appeal* until the appeal concluded. It was an abuse of discretion to hold otherwise.

Second, Qiu asserted in his motion that his second lawyer's failure to argue that his first lawyer performed ineffectively was ineffective assistance in its own right. The Board's conclusion that Qiu should have made the argument earlier therefore "short-circuits the central questions: whether [Qiu's] counsel was unconstitutionally ineffective in failing to present the [argument] and, if so, whether [Qiu] w[as] prejudiced by [his] counsel's performance." *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004). If allowed to stand, the Board's decision would permit the lawyer's allegedly ineffective performance to bar a challenge to that very performance. Instead, the Board should have determined whether Qiu had shown that (1) his "counsel [failed to] perform with sufficient competence," and (2) he was prejudiced by that performance. *Id.*, *quoting Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004).

3

On remand, the Board should conduct the analysis described in *Maravilla Maravilla*, which Qiu did not call to our attention until his petition for rehearing. We emphasize that the Board abused its discretion only by failing to follow this analysis; we express no view as to the merits of Qiu's motion to reopen. In light of our holding that the Board must reassess Qiu's motion to reopen his administrative proceedings, we do not reach the merits of the Board's other order.

**PETITION GRANTED.**