**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENA LOPEZ ESPINOZA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-72037

Agency No. A092-768-489

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 3, 2020
Pasadena, California

Before:  W. FLETCHER and LEE, Circuit Judges, and AMON,[**] District Judge.

Petitioner Lorena Lopez Espinoza ("Lopez Espinoza") petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the immigration judge's ("IJ's") denial of her motion to reopen her removal proceedings. The basis of her motion was her claim that her attorney provided ineffective assistance of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

counsel at her 1997 removal proceeding. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

This Court reviews the denial of a motion to reopen for abuse of discretion. *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000). Where, as here, the BIA has adopted the reasoning of the IJ pursuant to *Matter of Burbano* in addition to providing its own review of the evidence and law, this Court reviews both the IJ and BIA decisions. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). Legal questions are reviewed de novo and factual findings are reviewed for substantial evidence. *Id.* at 1028–29.

To prevail on a motion to reopen removal proceedings based on ineffective assistance of counsel, the alien must show "that counsel failed to perform with sufficient competence," and that she "was prejudiced by . . . counsel's performance." *Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011) (alterations omitted) (quoting *Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004)). Lopez Espinoza has shown neither.

Counsel did not provide incompetent assistance by conceding Lopez Espinoza's ineligibility for cancellation of removal relief under 8 U.S.C. § 1229b(a), Immigration and Nationality Act ("INA") § 240A(a), during her original removal proceeding because she was not eligible for such relief. Section 240A(a) provides:

2

The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2) has resided in the United States continuously for 7 years after having been admitted in any status, and

(3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a), INA § 240A(a). As noted by the IJ, Lopez Espinoza obtained lawful permanent resident status on March 3, 1993, at the earliest and she was ordered removed to Mexico on December 15, 1997. *See* 8 C.F.R. § 1001.1(p) (LPR status "terminates upon entry of a final administrative order of exclusion, deportation, removal, or rescission."). She therefore had not accrued five years of LPR status by the time she applied for cancellation of removal relief.[1]

Lopez Espinoza has also failed to show prejudice. The IJ found that Lopez Espinoza was "excludable as charged" and noted that "eligibility for Cancellation of Removal certainly could not have changed the outcome of that decision." Because the IJ would not have granted Lopez Espinoza the requested cancellation of removal relief even if she had been eligible for it, she cannot establish any prejudice from

---

[1] On June 6, 2020, Lopez Espinoza filed a letter pursuant to Federal Rule of Appellate Procedure 28(j). The letter is improper, as it makes a new argument and provides citations that were available at the time the brief was filed. *See* Fed. R. App. Proc. 28(j); *United States v. LaPierre*, 998 F.2d 1460, 1466 n.5 (9th Cir. 1993) ("[A] letter submitted pursuant to rule 28(j) *cannot* raise a new issue.").

3

former counsel's performance, and her motion to reopen was properly denied. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (noting that "[t]he BIA can deny a motion to reopen on any one of 'at least' three independent grounds").

The petition for review is accordingly DENIED.