
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VILMA YOLANDA GUERRA-TORRES, | No. 24-3207 |
| Petitioner, | Agency No. A220-601-901 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 15, 2025
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER,** District Judge.

Vilma Yolanda Guerra-Torres ("Guerra-Torres"), a native and citizen of

Honduras, petitions for review of the Board of Immigration Appeals' ("BIA's")

dismissal of her appeal of the denial of her application for asylum and withholding of

removal and its denial of her motion to remand based on ineffective assistance of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

counsel. Because the parties are familiar with the background facts and procedural history, we will not recount them. We have jurisdiction under 8 U.S.C. §1252(a)(1), and we grant the petition and remand to the BIA for further proceedings.

1. We review the BIA's denial of a motion to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (internal quotation marks omitted).

2. The BIA abused its discretion by failing to provide a reasoned explanation for its denial of Guerra-Torres' motion to remand. For example, the BIA gave conclusory approval of all of her former counsel's decisions as "tactical." It did so despite the fact that at least some of the decisions Guerra-Torres challenged are not ordinarily considered sound trial strategy, such as failing to communicate with the client and filing a client's declaration without first reviewing its contents with the client. *Cf. Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("The question is whether an attorney's representation amounted to incompetence under prevailing professional norms. . . .") (internal quotation marks omitted); *Morales Apolinar v. Mukasey*, 514 F.3d 893, 897 (9th Cir. 2008) ("All too often, vulnerable immigrants are preyed upon by unlicensed *notarios* and unscrupulous appearance attorneys who extract heavy fees

- 2 -

in exchange for false promises and shoddy, ineffective representation."). Without further explanation from the BIA, we cannot meaningfully review its decision in this case. *See Antonyan v. Holder*, 642 F.3d 1250, 1256 (9th Cir. 2011) (explaining that "[t]he BIA must provide a statement of its reasons for denying the petitioner relief adequate for us to conduct our review, and we must remand for clarification if the Board fails to provide an adequate statement of the reasons for its decision") (internal quotation marks omitted).

3. The BIA also abused its discretion by applying the wrong prejudice standard. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 859 (9th Cir. 2004) (per curiam) (BIA abuses its discretion "by weighing the new prejudice evidence under standards more stringent than were proper"). The BIA stated that "the respondents[] have not demonstrated prejudice from prior counsel's representation, or a reasonable likelihood of success." The correct prejudice standard, however, is whether "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (emphasis added).

4. Accordingly, we grant the petition for review to the extent that

- 3 -

Guerra-Torres challenges the BIA's denial of her motion to remand.[1]  We remand to the BIA for further proceedings consistent with this memorandum.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1] We need not reach Guerra-Torres' challenges to the BIA's dismissal of her appeal on the merits.